McCONNELL v SECRETARY OF STATE

1. ADMINISTRATIVE LAW—AUTOMOBILES—DRIVING PRIVILEGES—SUS-
   PENSION—STANDARD OF REVIEW.

   The basic question when reviewing the Secretary of State's sus-
   pension of a plaintiff's driving privileges is whether the actions
   of the Secretary of State and the administrative hearing board
   were reasonable and fair.

2. ADMINISTRATIVE LAW—AUTOMOBILES—BREATHALYZER—HEARING—
   SUSPENSION—DELAY—STATUTES.

   Failure of the Secretary of State to provide a hearing for a driver,
   who had refused a Breathalyzer test, within 30 days of the
   driver's request was not error where (1) the delay in providing
   a hearing occurred because the License Appeal Board had been
   held to be unconstitutionally constituted by the Supreme Court,
   (2) the driver's hearing was delayed only a brief period, and (3)
   the driver was not prejudiced because his driving privileges
   were not suspended until the hearing was held (MCLA
   257.625f; MSA 9.2325[6]).

Appeal from Wayne, Thomas J. Brennan, J.
Submitted April 12, 1977, at Detroit. (Docket No.
28446.) Decided June 7, 1977.

Petition by John T. McConnell for review of the
suspension of his driving privileges by the Secre-
tary of State. The Secretary of State was ordered
to issue McConnell a restricted license. McConnell
appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 109 *et seq.*
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 115.
   Suspension or revocation of driver's license for refusal to take
    sobriety test. 88 ALR2d 1064.

*Bokos, Jones & Plakas, P. C.,* for John T. Mc-Connell.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James B. Saunders* and *Anita H. Jenkins,* Assistants Attorney General, for the Secretary of State.

Before: R. B. Burns, P. J., and T. M. Burns and D. C. Riley, JJ.

T. M. Burns, J. The facts of this case are largely undisputed. Plaintiff was arrested and charged with driving under the influence of intoxicating liquors. He refused to submit to a Breathalyzer test. Notice of such refusal was sent to the Secretary of State.[1] In accordance with 1967 PA 253, as amended, the Secretary of State notified plaintiff that if he failed to request a hearing within 14 days his driving privileges would be suspended.[2]

On January 14, 1976, plaintiff requested a hearing before the License Appeal Board. Hearing was set for February 4, 1976, within 30 days from receipt of the request as required by statute. MCLA 257.625f; MSA 9.2325(6). On January 22, 1976, the Secretary of State adjourned the hearing due to the decision of *Crampton v Department of State,* 395 Mich 347; 235 NW2d 352 (1975), in which the Supreme Court ruled that the License Appeal Board was improperly composed.

On February 13, 1976, 1976 PA 9 became effective, thereby creating a new hearing board in the place of the License Appeal Board. The Secretary of State thereafter rescheduled plaintiff's hearing for March 10, 1976. On that date plaintiff appeared with counsel, a hearing was conducted and

---

[1] *See* MCLA 257.625d; MSA 9.2325(4).

[2] *See* MCLA 257.625e; MSA 9.2325(5).

plaintiff's driving privileges were suspended for 90 days.

On March 12, 1976, plaintiff brought this action in the circuit court claiming an appeal from the administrative ruling. Plaintiff asserted that the action of the hearing board was improper because he was not given a hearing within 30 days of requesting such as required by MCLA 257.625f; MSA 9.2325(6), and because the adjournment of the original hearing date was a nullity due to the *Crampton* decision.

On April 2, 1976, the circuit court denied the appeal but ordered the Secretary of State to issue plaintiff an operator's license limited to use to and from work and during the course of his employment.

In this appeal of the circuit court ruling, plaintiff argues that the Secretary of State denied him his right to a timely hearing and that the adjournment of the original hearing was ineffective because not agreed to by a proper quorum of the License Appeal Board.

The basic question is whether the actions of the administrative board and the Secretary of State were reasonable and fair.[3] We find that they were.

Between the release of *Crampton v Department of State, supra,* and the effective date of the act creating a new hearing board, it was not possible for the Secretary of State to dispose of plaintiff's case. There was nothing they could have done to avoid postponing the hearing. As it was, plaintiff's hearing was delayed only a brief period of time. Furthermore, plaintiff was not prejudiced by the delay since he retained his driving privileges until the hearing was held.

Affirmed.

---

[3] *See generally,* 73 CJS, Public Administrative Bodies and Procedures, § 133, p 459, 2 Am Jur 2d, Administrative Law, § 426, pp 236–237.